*United States v. Gutierrez-Campos*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of August, two thousand twenty-four.

PRESENT:
> RICHARD C. WESLEY,
> MICHAEL H. PARK,
> MYRNA PÉREZ,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellant,*

v.                                                          No. 22-438

RAUL GUTIERREZ-CAMPOS, also known as Sealed Defendant, also known as Moises Garcia Campos, also known as Moises R. Campos, also known as Oscar Ramirez,

> *Defendant-Appellee.*

---

FOR APPELLANT:                    MICHAEL D. MAIMIN (David Robles, Won S. Shin, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLEE:    DANIEL HABIB, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (John P. Cronan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED**, and this case is **REMANDED** for further proceedings.

Defendant-Appellee Raul Gutierrez-Campos was charged in an Information with one count of illegal reentry, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). He moved to dismiss the Information, raising several arguments to collaterally challenge the validity of the original removal order issued at his immigration court proceedings.[1] The district court granted the motion to dismiss; the Government appeals. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

A defendant "may not challenge the validity of the deportation order" that underlies an alleged illegal reentry offense "unless":

---

[1] Below, Gutierrez-Campos challenged the immigration court's jurisdiction to enter his removal order. The district court rejected that challenge. Gutierrez-Campos has not appealed the district court's jurisdictional analysis; we find no error in it.

2

(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;

(2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and

(3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d). The statute requires that all three conditions be satisfied before a defendant can collaterally attack a prior removal order in a subsequent prosecution for illegal reentry. *See United States v. Palomar-Santiago*, 593 U.S. 321, 326 (2021).

In this appeal, we address only the first requirement—that Gutierrez-Campos had to exhaust "any administrative remedies that may have been available to seek relief against" his prior removal order. 8 U.S.C. § 1326(d)(1). The district court stated that "the parties agree" that Gutierrez-Campos "has not exhausted his administrative remedies." *United States v. Gutierrez-Campos*, No. 21 CR. 40 (JPC), 2022 WL 281582, at *18 (S.D.N.Y. Jan. 31, 2022). The district court nevertheless proceeded to excuse Gutierrez-Campos from exhausting those remedies by relying on our precedent in *United States v. Sosa*, 387 F.3d 131 (2d Cir. 2004), and similar cases. In so doing, the district court interpreted *Sosa* to "recognize[] that while the requirements under section 1326(d) are mandatory as a *statutory matter*, the statutory exhaustion requirement may be excused as a *constitutional matter* where the noncitizen's waiver of appeal was not knowing and intelligent." *Gutierrez-Campos*, 2022 WL 281582, at *19 (emphases in original). The district court then concluded that Gutierrez-Campos's waiver was not knowing and

intelligent—in part because he had not been informed of his right to seek voluntary departure, and in part because he did not appear to have "fully comprehended the nature of the immigration court proceeding." *Id.* at *20.

We express no view about the district court's interpretation of *Sosa*. Instead, we remand for the district court to revisit its statutory analysis. It is not clear whether the district court—having concluded that Gutierrez-Campos did not exhaust any administrative remedies—determined that such remedies were "available" as that term is provided in 8 U.S.C. § 1326(d)(1). *See Palomar-Santiago*, 593 U.S. at 327–28 (citing *Ross v. Blake*, 578 U.S. 632, 643 (2016) (contemplating circumstances where an administrative remedy may not be "available" because that "remedy, although officially on the books, is not capable of use to obtain relief")); *see also United States v. Portillo-Gonzalez*, 80 F.4th 910, 920 (9th Cir. 2023) (assuming, without deciding, that *Ross* applies to the § 1326(d)(1) exhaustion requirement). Employing proper sequencing, the district court must necessarily consider whether Gutierrez-Campos had "available" remedies to exhaust before it could excuse him from exhausting those remedies.[2]

---

[2] At oral argument, the Government argued repeatedly that the term "available" builds in a statutory safeguard for defendants. *See, e.g.*, Oral Arg. Audio at 3:24–3:33 (emphasizing that the statute's first requirement "builds into it that administrative remedies that must be exhausted are only those that are 'available'"); *id.* at 3:47–4:15 (contending that the immigration judge's error must affect the "availability" of review); *id.* at 12:38–13:05 ("As long as we can emphasize the word . . . 'available' does an awful lot of work there."); *id.* at 36:40–36:42 ("That all falls under availability."); *id.* at 38:17–38:25 (explaining that because the district court viewed this as a constitutional "excusal" case, it "wasn't finding that the remedy wasn't 'available' . . . . If that's what [the district court] found, this would have been a very different situation").

To the extent that the district court passed over this antecedent statutory analysis to reach a constitutional analysis, it erred. "Prior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for decision." *Jean v. Nelson*, 472 U.S. 846, 854 (1985) (citation omitted). And if "nonconstitutional questions have not been passed on by the lower court, we may vacate the decision below and remand with instructions that those questions be decided." *United States v. Locke*, 471 U.S. 84, 92 n.9 (1985) (citation omitted); *see also Ross*, 578 U.S. at 648 ("On remand, the court below must consider how that modifying term affects [the defendant's] case—that is, whether the remedies he failed to exhaust were 'available' under the principles set out here.").

Because we remand for further proceedings regarding the statute's first requirement, § 1326(d)(1), we need not decide whether Gutierrez-Campos satisfied the statute's second and third requirements, §§ 1326(d)(2) and 1326(d)(3).

\* \* \*

For the foregoing reasons, the judgment of the district court is **VACATED**, and this case is **REMANDED** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5